UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antonio DeJesus Valencia Magallan (A-Number: 245-651-699),<br><br>Petitioner,<br><br>v.<br><br>Tonya Andrews, et al.,<br><br>Respondents. | No. 1:26-cv-07009-KES-EGC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Antonio DeJesus Valencia Magallan is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in

this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 8.

Respondents argue that petitioner "was re-detained following his arrest for having violated his conditions of release" and that he "is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)." Doc. 9 at 1. Respondents state that on August 11, 2026, petitioner was arrested for shoplifting and driving without a license. Docs. 9 at 1–2; 9-3 at 4. But respondents do not allege that petitioner was ever convicted of this offense or that any such charge is currently pending against him. Respondents indicate that "ICE ERO is unable to confirm whether the charge is currently pending or whether [p]etitioner was convicted." Doc. 11 at 1. Nor do respondents provide any other evidence that petitioner violated his release conditions. And immigration authorities re-detained petitioner only after he reported as instructed to ICE/ERO offices on August 20, 2026. Docs. 9 at 2; 9-1 at 3.

Section § 1226(c)(1)(E) mandates the detention of an inadmissible noncitizen who "is charged with, is arrested for, [or] is convicted of . . . burglary, theft, larceny, [or] shoplifting[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii). The statute is written in the present tense, and respondents filings confirm that petitioner is not currently in any of statuses covered by the statute. "By its own terms, [§ 1226(c)(1)(E)] applies only to an immigrant who '*is* charged with' or '*is* arrested for' one of the specified crimes." *Ome Osorio v. Albarran*, No. 26-cv-08783-PCP, 2026 WL 2741855, at *3 (N.D. Cal. Sep. 16, 2026) (original emphasis) ("[I]t is undisputed that [petitioner] is not currently charged with [ ] or under arrest for a [qualifying offense]. The government would replace 'is' with 'was' or 'has been,' but that is not what the statute says."). If an individual was merely arrested and briefly detained for a qualifying offense but was never charged with that offense, "that individual's case is no longer progressing from clause to clause." *Aguillares v. Chestnut*, No. 1:26-cv-04234-DJC-JDP, 2026 WL 2455215, at *2 (E.D. Cal. Aug. 21, 2026). Courts have construed § 1226(c)(1)(E) to apply only where an individual is *currently* charged with or under arrest for an enumerated crime, or has been convicted of the offense, and mandatory detention is not required when charges were never filed and petitioner is no longer under criminal arrest or in criminal proceedings. *See, e.g.*, *Singh v. Chestnut*, No. 1:26-cv-00546-

DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).

Petitioner was taken into ICE custody after he "was instructed to report to the ICE/ERO office." Doc. 9 at 2. Respondents' filings reflect no evidence of any criminal charge having been brought against petitioner. *See* Doc. 11. "[I]f anything, the fact that charges have never been filed makes [§ 1226(c)(1)(E)] even less applicable." *Ome Osorio*, 2026 WL 2741855, at *3; *see D.M. v. Warden*, No. 1:26-cv-03743-TLN-SCR, 2026 WL 1733659, at *2 (E.D. Cal. June 16, 2026) (holding that the statute does not require mandatory detention where "the State Attorney's Office has not made a formal decision to prosecute and the case remains on non-filed status.").

As it appears that there is no pending criminal charge against petitioner, § 1226(c)(1)(E) does not presently govern his detention. As respondents have not identified any other factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some

valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Here, respondents' records show that immigration authorities detained petitioner *after* he self-reported as requested to the ICE/ERO office. *See* Docs. 9 at 2; 9-1 at 3. Respondents do not establish urgent circumstances in this case that would justify a post-deprivation hearing.

Respondents are ORDERED to release petitioner Antonio DeJesus Valencia Magallan (A-Number: 245-651-699) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: September 18, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.